## W. L. COVEL *v.* T. B. SMITH.

1. SUPREME COURT. *Presumption. Absence of evidence.*
    In the absence of a bill of exceptions, any conceivable state of facts will be assumed in favor of the correctness of the action of the court on the instructions.

2. PRACTICE. *Affidavit to Account. Code* 1880, § 1627. *Waiver.*
    Where, under § 1627, code 1880, a sworn account is filed as a set-off, and the defendant goes to trial upon evidence disputing his claim, he will be held to have waived his right to a judgment for want of a counter-affidavit. *Bloom* v. *McGrath,* 53 Miss. 249.

FROM the circuit court of Harrison county.

HON. S. H. TERRAL, Judge.

Smith sued Covel in a justice court on an open account, verified by oath as provided by § 1627, code 1880. Defendant filed an affidavit denying the corectness of the account, and also filed as a set-off an open account against the plaintiff, which was likewise duly verified by affidavit. Plaintiff failed to deny by affidavit the correctness of this account. On appeal to the circuit court, the case seems to have proceeded to trial on the evidence generally, both as to the correctness of plaintiff's account and the set-off. The record does not show that any objections were made to the testimony. Nor does it appear that the defendant in any way sought to avail of the failure of plaintiff to file a counter-affidavit. Plaintiff had judgment for the full amount of his claim and defendant appealed. The record contains no bill of exceptions. The opinion contains a further statement of the case.

*W. H. Maybin* and *Calhoon & Green,* for appellant.

It was error for the court by its instruction to submit to the jury the correctness of the set-off. There was no counter-affidavit, and consequently no issue before the jury. Code 1880, § 1627.

*W. G. Evans, Jr.,* for appellee.

There being no evidence in the case here, the granting of instructions cannot be assigned for error.

Woods, C. J., delivered the opinion of the court.

In the absence of any bill of exceptions, containing either the whole or any part of the evidence introduced upon the trial below, it is impossible for us to say that there was any error in the action of the trial court in giving, or modifying, or refusing instructions. The action of the court, in each instance complained of, may be supported upon states of fact readily conceived, and we must presume such states of fact were shown by the evidence. To disturb the judgment, in the present attitude of the case before us, would be to unsettle long-established and generally recognized rules of law and practice.

It is contended, however, that the third instruction given for appellee is so fatally vicious as to be not correct in law, on any conceivable state of facts, and counsel for appellant rely with confidence upon § 1627, code of 1880, in support of their contention. By this section, the plaintiff in a suit upon an open account, properly verified by affidavit attached thereto, is entitled to judgment at the trial term, unless a counter-affidavit, denying the correctness of the account, shall be interposed by the defendant; and a defendant desiring to use an open account as a set-off is also entitled to the benefit of the section.

There can be no doubt that when appellant had filed his set-off, properly verified by affidavit, in the absence of any counter-affidavit filed by appellee to such set-off, he was entitled to judgment on his counter-demand, in its full amount, if he had insisted upon it at the proper time; but, if he failed to ask for judgment on his set-off, as we must hold he did, on the record before us, and proceeded to trial generally, and permitted, without objection, the introduction of evidence covering the entire case, and submitted everything involved in the controversy to be passed upon by the court and jury, he cannot now be heard to complain that the appellee was allowed to treat the case on trial as if no affidavit had been made to the set-off. Having failed to assert his right to have his sworn set-off treated as unassailable, in the absence of a counter-affidavit, and having permitted evidence on the whole case to go to the jury

without objection, the verdict and judgment cannot now be successfully attacked.

In this attitude of the case we are unable to say that it was error for the court to instruct the jury that, although there was no counter-affidavit made to the set-off, yet if they believed from the evidence that the set-off was incorrect, in whole or in part, they might disregard it according to the facts in evidence. *Bloom* v. *McGrath,* 53 Miss. 249.

*Affirmed.*